IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, <br><br> Plaintiff, <br><br> v. <br><br> BLUE MATRIX, LLC, <br><br> Defendant. | Civil No. 1:19-cv-00415-LO-MSN |

## REPORT & RECOMMENDATION

This matter comes before the Court on plaintiff Trustees of the Plumbers and Pipefitters National Pension Fund's ("plaintiff" or "National Pension Fund") Motion for Default Judgment (Dkt. No. 11). Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment in plaintiff's favor for the reasons that follow.

I.   **Procedural Background**

On April 8, 2019, plaintiff filed the instant action against Blue Matrix, LLC ("defendant") alleging that defendant breached a Collective Bargaining Agreement with the United Association Local Union No. 51 ("Local Union 51") and seeking an award for past due contributions, liquidated damages, interest, attorney's fees and costs, and for injunctive relief. Compl. (Dkt. No. 1) ¶¶ 4-18. The summons, Complaint, and supporting documents were served on defendant on April 16, 2019 (Dkt. No. 5). Under Fed. R. Civ. P. 12(a), a responsive pleading was due 21 days later on May 7, 2019. Defendant failed to file a responsive pleading in a timely manner.

On May 15, 2019, plaintiff filed a Request for Entry of Default Pursuant to F.R.C.P. 55(a) (Dkt. No. 9). The Clerk of Court entered an Entry of Default on May 16, 2019 (Dkt. No. 10). On

May 20, 2019, plaintiff filed a Motion for Default Judgment (Dkt. No. 11), along with a Memorandum in Support of Motion for Default Judgment (Dkt. No. 12) and a Notice of Motion for Default Judgment with Certificate of Service (Dkt. No. 13). Plaintiff's motion was supported by an affidavit from Toni C. Inscoe (Dkt. Nos. 12-1) and a declaration from John R. Harney (Dkt. No. 12-2). On May 31, 2019, counsel for plaintiff appeared at the hearing on the motion for default judgment and no one appeared on behalf of defendant (Dkt. No. 14).

## II.    Factual Background

The following facts are established by the Complaint, the memorandum in support of the motion for default judgment, and the affidavit and declaration attached to the memorandum in support of the motion for default judgment.

Plaintiff is the trustees of a multi-employer employee benefit plan as defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). Compl. (Dkt. No. 1) ¶ 1. The National Pension Fund is established and maintained by a Restated Agreement, Declaration of Trust, and Collective Bargaining Agreement between Local Union 51 and defendant. *Id.* The fund is administered in Alexandria, Virginia. *Id.* Defendant is a domestic limited liability company existing under Massachusetts law with an office located in South Attleboro, Massachusetts. *Id.* at ¶ 2. At all times, defendant transacted business as a contractor or subcontractor in the plumbing and pipefitting industry and was an "employer in an industry affecting commerce" as defined by Section 501(1), (3), and 2(2) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12), and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a. *Id.*

Plaintiff brings this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301(a) and (c) of LMRA, 29 U.S.C. § 185(a), (c). Defendant is a signatory

2

to the Collective Bargaining Agreement with Local Union No. 51 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by defendant. *Id.* at ¶ 4. Pursuant to the Collective Bargaining Agreement, defendant agreed to pay plaintiff certain sums of money for each hour worked by its employees covered by the agreement. *Id.* at ¶ 5. Plaintiff alleges two claims against defendant: Count I seeks damages for defendant's failure to submit reports and pay contributions to the National Pension Fund for the months of September 2018 through February 2019,[1] *id.* at ¶¶ 4-14; and Count II seeks injunctive relief to require defendant to submit timely contributions and reports to plaintiff, *id.* ¶ 15-18.

With respect to Count I, plaintiff alleges that defendant failed to make contributions to the National Pension Fund in the amount of $18,357.60 for the months of September through November 2018. *Id.* at ¶ 8. Plaintiff further alleges that defendant failed to submit reports and pay contributions to the National Pension Fund for the months of January through February 2019. *Id.* at ¶ 9. Plaintiff alleges that the amount of contributions is unknown for these months because of defendant's failure to submit reports identifying hours worked and amounts owed. *Id.* Pursuant to the terms of the Collective Bargaining Agreement, plaintiff states that defendant is obligated to pay such contributions. *Id.* at ¶ 10.

Plaintiff also alleges that under the Restated Agreement and Declaration of Trust, Article VI, Section 5, an employer who fails to timely pay the amounts required by the Collective Bargaining Agreement shall be considered delinquent and may be assessed liquidated damages in the amount of 10% of the amount due if payment is not received by the date owed. *Id.* at ¶¶ 11-12. Under this provision, plaintiff alleges that defendant is obligated to pay the National Pension Fund liquidated damages in the amount of $1,835.76 for late payments for the months of September

---

[1]    In the Complaint, plaintiff alleges that defendant has failed to make contributions for the months of May 2018 through February 2019, Compl. (Dkt. No. 1) ¶ 7; however, based on the pleadings, it appears that plaintiff only seeks contributions for the months of September to November 2018 and January to February 2019. *See id.* at ¶¶ 8-9.

through November 2018. *Id.* at ¶ 13. Plaintiff also seeks liquidated damages for unreported and unpaid contributions for the months of January through February 2019. *Id.*

Plaintiff also seeks interest, assessed at a rate of 12% per annum on the amount due from the date of delinquency until the date of payment, and costs and reasonable attorney's fees pursuant to 29 U.S.C. § 1332(g)(2) and 29 U.S.C. § 1961.

## III.    Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA actions, such as the instant action, are conferred upon the Court pursuant to 29 U.S.C. §§ 1132, 1145, and 185, which provide that an action may be brought in any district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found. Here, jurisdiction and venue are proper because the National Pension Fund is administered in this district. *See* Compl. (Dkt. No. 1) ¶ 1.

## IV.    Standard

Default judgment is appropriate if the well-pleaded allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL 1714877, at *2 (E.D.

Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because defendant has not answered or otherwise timely responded, the well-pleaded allegations of fact in the Complaint are deemed to be admitted.

## V.    Analysis

Based on the Complaint, the Motion for Default Judgment, the affidavit from Toni C. Inscoe, the declaration from John R. Harney, and the documents submitted in proof of damages, the undersigned Magistrate Judge makes the following findings.[2]

As set forth in the motion for default judgment, defendant failed to make full contribution payments for the months of September to November 2018 and January to February 2019 to the National Pension Fund. ERISA Section 515 provides that in any action brought to enforce payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the great of –

> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plain in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). In support of its claim for damages, the National Pension Fund submitted an affidavit from Toni C. Inscoe with the motion for default judgment (Dkt. No. 12-1). In addition

---

[2]    Plaintiff does not address its request for injunctive relief (Count II) in its motion for default judgment. Accordingly, the undersigned finds that plaintiff abandoned such claim for relief.

to the affidavit, the National Pension Fund also submitted a declaration from John R. Harney for attorney's fees and costs incurred in this action (Dkt. No. 12-2).

The information contained in the affidavit from Toni C. Inscoe on behalf of the National Pension Fund establishes that it is owed contributions in the amount of $30,782.46 for the months of September through November 2018 and January through February 2019;[3] liquidated damages in the amount of $3,078.24[4] (calculated at 10% of the total amount owed); and interest assessed at the rate of 12% per annum from the due date through the date of payment or May 31, 2019 in the amount of $1,505.90, totaling to $35,366.60. *See* Inscoe Aff. (Dkt. No. 12-1) at pg. 5.

The declaration from John R. Harney details the fees and costs incurred on behalf of National Pension Fund in this action. As stated in the declaration, the total amount of fees incurred is $1,592.50 for 8.75 hours of attorney and paralegal time and the amount of costs requested is $686.29 for the filing fee, service of process fees, and computerized research fees. Harney Declr. (Dkt. No. 12-2) ¶¶ 6-11. The undersigned has reviewed the declaration, as well as the supporting documentation, and recommends that the court find that the $1,592.50 request for fees and $686.29 request for costs by the National Pension Fund are reasonable and should be paid by defendant.

For these reasons, the undersigned recommends that a default judgment be entered in favor of the National Pension Fund against defendant on Count I in the Complaint in the amounts shown below:

| Delinquent Contributions | $30,782.46 |
|---|---|
| Liquidated Damages | $3,078.24 |

---

[3] Defendant is bound to the Restated Agreement and Declaration of Trust that provides, under Article VI, Section 6, that the National Pension Fund is authorized to project the delinquent amount to determine payments owed when an employer fails to file the properly completed report forms. Because defendant failed to submit reports for the months of January to February 2019, plaintiff used reports submitted for the last three months in which defendant actually submitted unfunded remittance reports and/or contributions to the fund to find the projected delinquency for January to February 2019 is $12,424.86. *See* Inscoe Aff. (Dkt. No. 12-1) at pg. 5.

[4] Plaintiff mistakenly stated that liquidated damages is $3,078.25, but the sum of the liquidated damages on the unpaid contributions to the National Pension Fund is $3,078.24. *Id.*

| | |
|---|---|
| Accrued Interest (5/31/2019) | $1,505.90 |
| Attorney's Fees | $1,592.50 |
| Costs | $686.29 |
| *Total* | $37,645.39 |

## VI.    Recommendation

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of the National Pension Fund against defendant on Count I of the Complaint in the amount of **$37,645.39.**

## VII.    Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
_____
Michael S. Nachmanoff
United States Magistrate Judge

June 19, 2019
Alexandria, Virginia

7